STATE OF WEST VIRGINIA

*In re* **H.L.**

**No. 19-0241** (Randolph County 2018-JA-137)

**FILED**

**September 13, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.C., by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's January 31, 2019, order terminating her parental rights to H.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Timothy H. Prentice, filed a response on behalf of the child, also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her request for a post-adjudicatory improvement period and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the initiation of the instant proceedings, the DHHR filed a child abuse and neglect petition against petitioner and the father regarding an older child in December of 2017. The DHHR alleged domestic violence in the child's presence, including at least nine instances of law enforcement intervention. Petitioner stipulated to the allegations contained in the petition, and the circuit court accepted petitioner's stipulation, adjudicated her as an abusing parent, and granted her a post-adjudicatory improvement period. Petitioner only minimally complied with her improvement period. At a dispositional hearing held in August of 2018, the DHHR presented evidence that petitioner failed to comply with the random call-in system for drug screens, resulting in several missed screens. While petitioner had successfully submitted to forty drug screens with negative results, she failed to cooperate with parenting and adult life skills classes. Petitioner also

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

became homeless during the proceedings and began living under a bridge, refusing to enter a shelter because she did not want to be separated from the father. Though the parties urged petitioner to separate from the father, she refused to do so and failed to adequately address her issues with domestic violence. Ultimately, the circuit court terminated petitioner's parental rights to that child in September of 2018. Petitioner appealed, and this Court affirmed the circuit court's order on April 19, 2019. *See In re A.L.*, No. 18-0961, 2019 WL 1765071 (W. Va. Apr. 19, 2019)(memorandum decision).

Subsequently, petitioner gave birth to H.L., the child at issue in this appeal. In November of 2018, the DHHR filed the instant child abuse and neglect petition against petitioner and the father primarily based upon aggravated circumstances. The DHHR noted that petitioner failed to address the circumstances of abuse in the prior proceedings and had not addressed her issues with domestic violence. A Child Protective Services ("CPS") worker reported that, upon arriving at the hospital following H.L.'s birth, petitioner became irate and began cursing at the worker, informing her that she would have to "pry the baby out of her dead arms." Petitioner's behavior escalated and she threatened to kill the CPS worker by slitting her throat and also threatened to kill the foster parent. Law enforcement removed the parents from the premises at that time.

Later in November of 2018, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations contained in the petition and requested a post-adjudicatory improvement period. The circuit court held petitioner's motion for an improvement period in abeyance and scheduled the dispositional hearing. In the meantime, petitioner was granted supervised visits and ordered to continue submitting to drug screens, which had been ordered at the preliminary hearing.

The circuit court held a dispositional hearing in January of 2019. Testimony established that petitioner had not experienced a change in circumstances since the prior proceedings. While petitioner had remedied her homelessness by obtaining housing, she failed to correct her issues with domestic violence. Following the prior proceedings, petitioner remained in a relationship with the father against the advice of the parties. Their tumultuous behavior continued and petitioner eventually sought a domestic violence protective order ("DVPO") against the father in October of 2018. However, petitioner invited the father to visit her in violation of the DVPO, resulting in his incarceration. Despite this evidence, petitioner stated that she and the father had "been doing really good since October" and denied having an anger problem. Petitioner did admit that neither she nor the father had sought any services to address their domestic violence issues. Testimony also established that petitioner had not been consistent in submitting to drug screens and that, following his release from incarceration, the father had not submitted to a single screen. Nevertheless, petitioner persisted in her stance that she intended to remain in a relationship with the father and that they would seek to comply with the terms of an improvement period as a couple.

After hearing evidence, the circuit court denied petitioner's motion for a post-adjudicatory improvement period. The circuit court found that petitioner's issues with domestic violence remained given her continued relationship with the father and her filing a DVPO against him. The circuit court determined that petitioner obviously knew that the father was noncompliant with the services put in place by the DHHR and "continues to be aware of his current failure to participate in any type of . . . efforts." Specifically, petitioner knew that the father had not made any efforts to address his issues with domestic violence and she had not made any efforts to seek counseling

or other services to address her own issues with the same. Accordingly, the circuit court found that there had been no change of circumstances since petitioner's prior termination of parental rights and further found that, given the evidence presented, there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and termination was necessary for the child's welfare. It is from the January 31, 2019, dispositional order terminating her parental rights that petitioner appeals.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. According to petitioner, she demonstrated that she was likely to comply with the terms and conditions of an improvement period. Petitioner testified that she obtained housing and "participated partly" in the parenting and adult life skills classes offered to her during the prior proceedings. Further, she participated in supervised visits with the child and was actively seeking employment. Petitioner contends it was unfair of the DHHR to focus on her "emotional" reaction towards the CPS worker when she removed the child from the hospital, and that she should have been granted an improvement period based upon all the positive steps taken. We disagree.

Pursuant to West Virginia Code § 49-4-610(2)(A) and (B), a circuit court may grant a post-adjudicatory improvement period when the parent "files a written motion requesting the improvement period" and "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); syl. pt. 6, in part, *In re Katie S.*, 198

---

[2]The father's parental rights were also terminated below. The child was placed in the same foster home as her older sibling and the permanency plan is adoption in that home.

W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . .").

Petitioner fails to establish that she was likely to fully participate in an improvement period. Although petitioner complied with obtaining housing and participating in supervised visits, she failed to address the main issue in her case—domestic violence. The record demonstrates that petitioner was aware that domestic violence with the father was an issue. During the prior proceedings, petitioner was informed that her continued relationship with the father could impact her parental rights, especially given his failure to participate in any aspect of the proceedings. Nevertheless, petitioner remained in a relationship with the father and their issues with domestic violence continued, resulting in petitioner obtaining a DVPO against him in October of 2018. However, despite this continued domestic violence, petitioner invited the father back into her life, in violation of the DVPO. Further, at the dispositional hearing, petitioner failed to meaningfully acknowledge her issues with domestic violence. Petitioner denied having an anger problem, stating she had not had any issues with anger since meeting the father and giving birth to their children. Petitioner also stated that, despite not seeking any services to treat their issues with domestic violence, she and the father "had been doing really good since October."

We have previously held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). As such, despite her testimony that she would comply with an improvement period, petitioner's failure to acknowledge the conditions of abuse and neglect demonstrate that granting her an improvement period would merely be an exercise in futility at the children's expense.

To the extent that petitioner argues that the DHHR wrongfully focused on her "emotional" reaction at the hospital, we note that the circuit court considered petitioner's objection to this testimony and concluded "I think to a certain extent the issues may have to do with adjudication and I have heard this testimony. But I would in regard to some of the testimony that [petitioner] provided—I would like to get to address that." As such, the circuit court recognized that the testimony might be more relevant to adjudication and afforded it weight accordingly. Based on the foregoing, we find no error in the circuit court's decision to deny petitioner's motion for a post-adjudicatory improvement period.

Petitioner next assigns as error the circuit court's termination of her parental rights. However, we note that in her brief before this Court, petitioner failed to cite to a single case or to the appendix record in support of her argument. Indeed, petitioner failed to write a single sentence in support of this contention other than her assignment of error heading. These failures are in direct

4

contradiction of this Court's Rules of Appellate Procedure and specific directions issued by administrative order.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

[t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, the Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief lacks any argument at all, save her single-sentence assignment of error that the circuit court erred in terminating her parental rights. "[A] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39 , 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Because petitioner's brief with regard to this assignment of error is woefully inadequate and entirely fails to comply with Rule 10(c)(7) of the Rules of Appellate Procedure, we decline to address it on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 31, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  September 13, 2019

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison